UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL GODWIN,

     Plaintiff,

v.                                       Case No. 3:20cv5899-MCR-HTC

OKALOOSA COUNTY SHERIFF LARRY ASHLEY,
OKALOOSA BOARD OF COMMISSIONERS,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Daniel Godwin, proceeding *pro se* and *in forma pauperis*, filed an amended complaint attempting to assert claims under 42 U.S.C. § 1983 for constitutional violations which allegedly occurred during his interrogation in a still-pending state criminal case. The amended complaint has been referred to the undersigned Magistrate Judge for initial screening under 28 U.S.C. § 1915(e)(2)(B) and § 1915A and a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon careful review and consideration of the amended complaint, the undersigned respectfully recommends it be dismissed. Specifically, the Court should abstain from jurisdiction under the *Younger* doctrine to avoid interfering with a pending state matter.

## I.     BACKGROUND

Godwin, a pretrial detainee, currently incarcerated at the Okaloosa County Jail, files this action against two (2) defendants: Larry Ashley, the Okaloosa County Sheriff, and the Okaloosa Board of Commissioners (the "Board"). Despite naming these defendants, Plaintiff alleges no facts in the amended complaint against them. Instead, Godwin alleges Okaloosa County Deputies, "acting under Larry Ashley" arrested Godwin without a warrant or the consent of Godwin.[1] ECF Doc. 4 at 5.

According to Godwin, "the deputies wanted to question [him] about the recent death of his girlfriend of eight (8) years, that was under their investigation." *Id.* at 5. Godwin contends officers handcuffed him and transported him to the Sheriff's office, without a warrant or consent. *Id.*

Once at the Sheriff's Office, the deputies began to badger him and did so for several hours despite the "invocation of his rights." *Id.* After several hours, the deputies told Godwin he was "free to leave" but kept his state identification card and

---

[1] Ashley cannot be vicariously liable for the conduct of his employees. Instead, supervisors can be held "liable under . . . § 1983 for the unconstitutional acts of [their] subordinates [only] if [they] personally participated in the allegedly unconstitutional conduct or if there is a causal connection between [their] actions... and the alleged constitutional deprivation." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (quotation marks omitted). Godwin has set forth no facts showing that Ashley personally participated in a constitutional violation or there is a casual connection between Ashley's conduct and the alleged constitutional deprivation. Namely, he has not set forth any facts to show 1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.*

debit card, making Godwin feel he was not free to leave. *Id.* Nevertheless, Godwin left and returned the next day to get his belongings, and the deputies "again placed Godwin in for questioning." *Id.* at 6. Deputies continued to badger Godwin despite his desire to not speak to the deputies, and Godwin eventually made several statements "only under extreme duress." *Id.*

He claims that the actions of the deputies violated his "4th Amendment to the United States Constitution by his illegal seizure" and that the "continual badgering of Godwin after Miranda violated his 5th Amendment right to remain silent and not self-incriminate. Coercion is forced by intimidation." *Id.* at 7. For relief, he requests the court issue a declaratory judgment and award punitive and compensatory damages and any other relief the Court deems appropriate. *Id.*

The Court takes judicial notice that Godwin was arrested on July 6, 2020, for "Homicide: Murder Dangerous Depraved WO Premeditation" of his ex-girlfriend in Okaloosa Circuit Court Case Number 2020-CF-1515 F. Godwin is awaiting trial in that case. According to the online docket, a pretrial conference has been set for March 8, 2021 before Judge W. Stone.[2]

---

[2] The online docket is available at the URL below; a printout produced December 17, 2020 is attached. https://clerkapps.okaloosaclerk.com/benchmarkweb2/Home.aspx/Search

## II.    LEGAL STANDARDS

Because Plaintiff is proceeding *in forma pauperis* and is a prisoner seeking relief against governmental employees, the Court must dismiss his amended complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

## III.    DISCUSSION

Under the *Younger* doctrine, a federal court should abstain from exercising jurisdiction over a matter that is pending in state court.  *See Younger v. Harris*, 401 U.S. 37 (1971).  As the Eleventh Circuit has explained, "[f]ederal courts [should] abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those proceedings."  *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014) (citing *Younger*, 401 U.S. at 37).

There are three (3) factors for a court to consider in determining whether abstention is required. "[F]irst, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Old Republic Union Ins. Co. v. Tillis Trucking Co.,* 124 F.3d 1258, 1261 (11th Cir. 1997). Each of those factors are met here.

The first element is met because Godwin's arrest and interrogation took place pursuant to a pending state criminal case. The second element is met because Godwin alleges his constitutional rights were violated by Sheriff's deputies during the interrogation and complains about the propriety of his arrest. The third element is met because Godwin can dispute the admissibility of any statements made in the interrogation in the state criminal proceedings.

"An adequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014). "[I]nterference in pending proceedings is inappropriate unless state law clearly bars the interposition of . . . [federal] constitutional claims." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (internal quotation marks omitted) (citing *Middlesex*, 457 U.S. at 432). "The

burden of showing inadequacy of state procedure for this purpose rests with the federal 'plaintiff'—here, [Godwin]." *Id.* (citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1 (1987)).

Godwin has not met that burden. He has not asserted that there is a procedural bar to raising his claim in his state court case. To the contrary, the alleged constitutional violations claimed by Godwin involve an issue he can raise before his trial, during his trial, and on direct appeal. Indeed, what occurred during the interrogation, whether any rights were violated, and thus, whether Godwin's statements are ultimately admissible, are matters that will be before the state court. Thus, if this Court were to adjudicate Godwin's claim, it would be interfering with an active state court proceeding. *See*, *e.g.*, *Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814 (11th Cir. 2008). Thus, under *Younger,* this Court should abstain from exercising jurisdiction.

Also, while *Younger* involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that *Younger* abstention extends to cases involving § 1983 claims for monetary damages. *See Doby v. Strength*, 758 F.2d 1405, 1405–06 (11th Cir.1985) (requiring abstention pursuant to *Younger* where plaintiff raised Fourth Amendment § 1983 damages claims related to ongoing state criminal proceedings). Thus,

*Younger* applies to both Godwin's declaratory judgment and monetary damages claims.

Federal courts should only stray from the rule announced in *Younger* "when absolutely necessary for protection of constitutional rights," and only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *See Younger*, 401 U.S. at 45. The type of irreparable injury "significant enough to permit federal court interference must pose a 'threat to the plaintiff's federally protected rights . . . that cannot be eliminated by his defense against a single criminal prosecution.'" *Winn v. Cook*, 945 F.3d 1253, 1259 (10th Cir. 2019), citing *Younger*, 401 U.S. at 46. The undersigned finds Godwin has failed to present any such extraordinary circumstances here. To the contrary, Godwin's available state remedies show that he will not suffer irreparable harm by this Court's abstention.

Finally, because the undersigned is recommending this case be dismissed based on *Younger*, the undersigned finds it unnecessary to address in detail the other issues with the substance of Godwin's amended complaint. The undersigned notes, however, that even if the Court were to exercise jurisdiction over Godwin's action *and* Godwin were able to establish a constitutional violation, his monetary recovery would be limited to nominal damages, generally $1.00, as he has not alleged a physical injury. *See* 42 U.S.C. § 1997e(e) ("[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."

## IV.  CONCLUSION

Although the Court should generally not dismiss a case without allowing the Plaintiff an opportunity to amend, the undersigned finds that the defects in the amended complaint are simply incurable, and leave to further amend would be futile. Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to respond prior to dismissal. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is respectfully RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 17th day of December, 2020.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

## 2020 CF 001515 F - STATE OF FLORIDA vs. GODWIN, DANIEL RAY

### SUMMARY

| | | | | | |
|---|---|---|---|---|---|
| Judge: | STONE, WILLIAM F | Court Type: | Criminal Felony | Case Type: | |
| Case Number: | 2020 CF 001515 F | Uniform Case Number: | 462020CF001515XXXAFX | Status: | OPEN |
| Clerk File Date: | 7/6/2020 | Status Date: | 7/6/2020 | Waive Speedy Trial: | ☐ |
| Total Fees Due: | 50.00 | Booking Number: | | Agency: | OKALOOSA COUNTY SHERIFF |
| Agency Report Number: | 20OFF009276 | Custody Location: | COUNTY JAIL | | |

### PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| DEFENDANT | GODWIN, DANIEL RAY | |
| PLAINTIFF | STATE OF FLORIDA | |

### CHARGES

| COUNT | DESCRIPTION | LEVEL | DEGREE | PLEA | DISPOSITION | DISPOSITION DATE |
|---|---|---|---|---|---|---|
| 1 | HOMICIDE WILFUL KILL-MURDER NOT PREMEDITATED NO FELONY OFFENSE (782.04(2)) | F | P | | | |

### EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| 3/8/2021 9:00 AM | PRETRIAL CONFERENCE | STONE, WILLIAM F | FWB COURTHOUSE ANNEX EXTENSION | |
| 12/21/2020 9:00 AM | CRIMINAL JURY TRIAL FELONY | STONE, WILLIAM F | FWB COURTHOUSE ANNEX EXTENSION | Continued |
| 12/9/2020 9:00 AM | DOCKET DAY FELONY | STONE, WILLIAM F | Courtroom 3A | CONTINUED |
| 12/1/2020 11:00 AM | PRETRIAL CONFERENCE | STONE, WILLIAM F | Courtroom 3A | CONTINUED |
| 11/25/2020 11:00 AM | PRETRIAL CONFERENCE | STONE, WILLIAM F | FWB COURTHOUSE ANNEX EXTENSION | RESCHEDULED |
| 9/24/2020 2:00 PM | HEARING | STONE, WILLIAM F | Courtroom 1B | HEARING HELD |
| 9/21/2020 9:00 AM | CRIMINAL JURY TRIAL FELONY | STONE, WILLIAM F | FWB COURTHOUSE ANNEX EXTENSION | CONTINUED |
| 9/10/2020 9:00 AM | DOCKET DAY FELONY | STONE, WILLIAM F | Courtroom 3A | CONTINUED |
| 8/27/2020 4:30 PM | PRETRIAL CONFERENCE | STONE, WILLIAM F | Courtroom 1A | CONTINUED |
| 8/26/2020 9:00 AM | PRETRIAL CONFERENCE | STONE, WILLIAM F | Courtroom 3A | RESCHEDULED |
| 8/4/2020 3:45 PM | FELONY PLEA | WARD, JIM | Courtroom 3A | NOT GUILTY PLEA |

### CASE DOCKETS

| DATE | ENTRY |
|---|---|
| 12/8/2020 | ORDER OF CONTINUANCE |
| 12/8/2020 | NOTICE OF TAKING DEPOSITION(S) |
| 12/7/2020 | MOTION FOR CONTINUANCE FILED |
| 12/3/2020 | NOTICE CREATED AND E-SERVED TO ATTY: DONALD EDWARD WITMYER, ATTY: CASSIE REED |
| 12/2/2020 | CLERKS MINUTE SHEET FILED |
| 12/2/2020 | PRETRIAL CONFERENCE SET FOR 03/08/2021 AT 9:00 AM IN FWB/ , JDG: STONE, WILLIAM F |
| 12/2/2020 | COURT RESULT: CRIMINAL JURY TRIAL FELONY SET FOR 12/21/2020 AT 9:00 AM - CONTINUED |
| 12/2/2020 | COURT RESULT: DOCKET DAY FELONY SET FOR 12/09/2020 AT 9:00 AM - CONTINUED |
| 12/2/2020 | COURT RESULT: PRETRIAL CONFERENCE SET FOR 12/01/2020 AT 11:00 AM - CONTINUED |
| 11/23/2020 | EMAIL SENT- JUDGE, JA RECIPIENTS: REED, CASSIE; WITMYER, DONALD EDWARD SUBJECT: SERVICE OF COURT DOCUMENT - 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 2 EMAILDOCKETDESCRIPTIONS: PET-11/23/2020,DMOTREQ-11/23/2020 |
| 11/23/2020 | MEMO TO DEF RE: PETITION FOR RELIEF |
| 11/23/2020 | PETITION FOR RELIEF |
| 10/27/2020 | MEMO TO DEF RE: MOTION FOR ORDER OF INSOLVENCY |
| 10/27/2020 | EMAIL SENT- RECIPIENTS: REED, CASSIE- WITMYER, DONALD EDWARD & APPEALS SUBJECT: SERVICE OF COURT DOCUMENT - 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: MOT-10/27/2020 |
| 10/27/2020 | MOTION FOR ORDER OF INSOLVENCY |
| 10/16/2020 | NOTICE CREATED AND E-SERVED TO ATTY: DONALD EDWARD WITMYER, ATTY: CASSIE REED |

| DATE | ENTRY |
|---|---|
| 10/15/2020 | COURT RESULT: PRETRIAL CONFERENCE SET FOR 11/25/2020 AT 11:00 AM - RESCHEDULED |
| 10/15/2020 | COURT RESULT: PRETRIAL CONFERENCE SET FOR 11/25/2020 AT 11:00 AM - RESCHEDULED |
| 10/15/2020 | PRETRIAL CONFERENCE SET FOR 12/01/2020 AT 11:00 AM IN 3A/ , JDG: STONE, WILLIAM F |
| 10/14/2020 | MEMO TO DEF RE: CORRESPONDENCE |
| 10/14/2020 | EMAIL SENT- RECIPIENTS: REED, CASSIE: WITMYER, DONALD EDWARD SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 2 EMAILDOCKETDESCRIPTIONS: CORES-10/7/2020 |
| 10/12/2020 | THIRD AMENDED DISCOVERY EXHIBIT FILED |
| 10/12/2020 | 1DCA ORDER RE: INDIGENCY/FILING FEES |
| 10/12/2020 | 1DCA ORDER DIRECTING APPELLANT TO FILE CONFORMED COPIES |
| 10/12/2020 | RECEIPT DCA - NOTICE OF APPEAL (1D20-2929) |
| 10/12/2020 | EMAIL SENT- RECIPIENTS: ATTY GENERAL SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: CLERKCERT-10/12/2020 |
| 10/12/2020 | CLERKS CERTIFICATION OF NON PAYMENT OF APPELLATE FILING FEES |
| 10/12/2020 | EMAIL SENT- RECIPIENTS: WITMYER, DONALD EDWARD SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: NA-10/2/2020 |
| 10/7/2020 | CORRESPONDENCE FILED BY DEF |
| 10/7/2020 | CORRESPONDENCE FILED BY DEF |
| 10/7/2020 | SECOND AMENDED DISCOVERY EXHIBIT FILED |
| 10/6/2020 | CERTIFICATE OF SERVICE FILED |
| 10/6/2020 | EMAIL SENT- RECIPIENTS: JA SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: NA-10/2/2020 |
| 10/6/2020 | EMAIL SENT- RECIPIENTS: REED, CASSIE: WITMYER, DONALD EDWARD SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 2 EMAILDOCKETDESCRIPTIONS: DMOTREQ-10/6/2020,NA-10/2/2020 |
| 10/6/2020 | MEMO TO DEF RE: NOTICE OF APPEAL |
| 10/6/2020 | EMAIL SENT- RECIPIENTS: WITMYER, DONALD EDWARD SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: NCI-10/6/2020 |
| 10/6/2020 | NOTICE/FORM CREATED ISSUED |
| 10/5/2020 | ORDER STRIKING DEFENDANT'S PRO SE MOTION TO RELEASE EVIDENCE |
| 10/5/2020 | ORDER STRIKING DEFENDANT'S PRO SE MOTION TO COMPEL STATE FOR A COPY OF DISCOVERY (DUPLICATE) |
| 10/5/2020 | ORDER STRIKING DEFENDANT'S PRO SE MOTION TO COMPEL STATE FOR A COPY OF DISCOVERY |
| 10/2/2020 | NOTICE OF APPEAL |
| 10/1/2020 | NOTICE OF APPEARANCE, NOTICE OF DISCOVERY AND DEMAND FOR JURY TRIAL |
| 10/1/2020 | EMAIL SENT- RECIPIENTS: REED, CASSIE: WITMYER, DONALD EDWARD SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 3 EMAILDOCKETDESCRIPTIONS: DMOTREQ-10/1/2020,MOT-9/30/2020 |
| 10/1/2020 | MEMO TO DEF RE:MOTION TO COMPELL STATE FOR COPY OF DISCOVERY & MOTION TO RELEASE EVIDENCE |
| 10/1/2020 | EMAIL SENT- RECIPIENTS: WITMYER, DONALD EDWARD SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: OGMWD-9/30/2020 |
| 9/30/2020 | NOTICE CREATED AND E-SERVED TO ATTY: T MARTIN KNOPES, ATTY: CASSIE REED |
| 9/30/2020 | MOTION: TO COMPELL STATE FOR COPY OF DISCOVERY |
| 9/30/2020 | DEFENSE ATTORNEY: WITMYER, DONALD EDWARD ASSIGNED |
| 9/30/2020 | MOTION: TO RELEASE EVIDENCE |
| 9/30/2020 | ORD GRANTING MOTION WITHDRAW & APPOINT DONALD E. WITMYER |
| 9/29/2020 | PRETRIAL CONFERENCE SET FOR 11/25/2020 AT 11:00 AM IN 3A/ , JDG: STONE, WILLIAM F |
| 9/25/2020 | EMAIL SENT- RECIPIENTS: KNOPES, T MARTIN SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: OGMWD-9/24/2020 |
| 9/25/2020 | DEFENSE ATTORNEY: KNOPES, T MARTIN ASSIGNED |
| 9/25/2020 | COURT RESULT: HEARING SET FOR 09/24/2020 AT 2:00 PM - HEARING HELD |
| 9/24/2020 | NOTICE CREATED AND E-SERVED TO ATTY: CASSIE REED, ATTY: JASON MCKINNEY |
| 9/24/2020 | ORD GRANTING MOTION WITHDRAW & APPOINT T. MARTIN KNOPES |

| DATE | ENTRY |
|------|-------|
| 9/24/2020 | MOTION TO WITHDRAW AS ATTORNEY OF RECORD FILED BY OFFICE OF REGIONAL COUNSEL |
| 9/24/2020 | CLERKS MINUTE SHEET FILED |
| 9/24/2020 | EMAIL SENT- RECIPIENTS: JAQUET, KATHERINE ROSE SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: NCI-9/24/2020 |
| 9/24/2020 | NOTICE/FORM CREATED ISSUED |
| 9/24/2020 | EMAIL SENT- RECIPIENTS: JAQUET, KATHERINE ROSE SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: OAWARC-9/23/2020 |
| 9/24/2020 | DEFENSE ATTORNEY: JAQUET, KATHERINE ROSE ASSIGNED |
| 9/24/2020 | EMAIL SENT- RECIPIENTS: MCKINNEY, JASON: REED, CASSIE SUBJECT: SERVICE OF COURT DOCUMENT - 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 2 EMAILDOCKETDESCRIPTIONS: MOT-9/22/2020,DMOTREQ-9/24/2020 |
| 9/24/2020 | MEMO TO DEF RE: MOTION TO SUPRESS EVIDENCE AND DISMISS |
| 9/23/2020 | NOTICE OF APPEARANCE WAIVER OF ARRAIGNMENT & WRITTEN PLEA OF NOT GUILTY & DEMAND FOR DISCOVERY FILED BY KATHERINE JAQUET, REGIONAL COUNSEL |
| 9/23/2020 | ORDER ALLOWING WITHDRAWAL AND APPT OF REGIONAL COUNSEL |
| 9/23/2020 | DIRECTIONS TO CLERK |
| 9/23/2020 | HEARING SET FOR 09/24/2020 AT 2:00 PM IN FWB/ , JDG: STONE, WILLIAM F |
| 9/22/2020 | MOTION: TO SUPRESS EVIDENCE AND DISMISS |
| 9/22/2020 | MOTION TO WITHDRAW FILED BY PUBLIC DEEFENDER |
| 9/22/2020 | EMAIL SENT- JUDGE, JA RECIPIENTS: MCKINNEY, JASON: REED, CASSIE SUBJECT: SERVICE OF COURT DOCUMENT - 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 4 EMAILDOCKETDESCRIPTIONS: DFST-9/22/2020,MOT-9/22/2020,DMOTREQ-9/22/2020 |
| 9/22/2020 | MEMO TO DEF RE: MOTION TO COMPEL, DEMAND FOR SPEEDY TRIAL, SECOND DEMAND FOR SPEEDY TRIAL |
| 9/22/2020 | SECOND DEMAND FOR SPEEDY TRIAL |
| 9/22/2020 | DEMAND FOR SPEEDY TRIAL |
| 9/22/2020 | MOTION: TO COMPELL |
| 9/4/2020 | CORRESPONDENCE |
| 9/4/2020 | MEMO TO DEF RE: DEMAND FOR NELSON HEARING |
| 9/4/2020 | EMAIL SENT- RECIPIENTS: JUDGE AND JA, REED, CASSIE , STAFF ATTY SUBJECT: SERVICE OF COURT DOCUMENT - 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: DEMAND-9/3/2020 |
| 9/3/2020 | DEMAND FOR NELSON HEARING |
| 9/2/2020 | NOTICE CREATED AND E-SERVED TO ATTY: CASSIE REED, ATTY: JASON MCKINNEY |
| 9/1/2020 | CRIMINAL JURY TRIAL FELONY SET FOR 12/21/2020 AT 9:00 AM IN FWB/ , JDG: STONE, WILLIAM F |
| 9/1/2020 | DOCKET DAY FELONY SET FOR 12/09/2020 AT 9:00 AM IN FWB/ , JDG: STONE, WILLIAM F |
| 9/1/2020 | PRETRIAL CONFERENCE SET FOR 11/25/2020 AT 9:30 AM IN 3A/ , JDG: STONE, WILLIAM F |
| 8/31/2020 | ORDER ON STATE'S ORAL MOTION TO STRIKE DEFENDANT'S PRO SE DEMAND FOR DISCOVERY |
| 8/27/2020 | CLERKS MINUTE SHEET FILED |
| 8/27/2020 | COURT RESULT: CRIMINAL JURY TRIAL FELONY SET FOR 09/21/2020 AT 9:00 AM - CONTINUED |
| 8/27/2020 | COURT RESULT: DOCKET DAY FELONY SET FOR 09/10/2020 AT 9:00 AM - CONTINUED |
| 8/27/2020 | COURT RESULT: PRETRIAL CONFERENCE SET FOR 08/27/2020 AT 4:30 PM - CONTINUED |
| 8/26/2020 | EMAIL SENT- JUDGE, JA RECIPIENTS: MCKINNEY, JASON: REED, CASSIE SUBJECT: SERVICE OF COURT DOCUMENT - 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 2 EMAILDOCKETDESCRIPTIONS: DFD-8/26/2020,DMOTREQ-8/26/2020 |
| 8/26/2020 | MEMO TO DEF RE: DEMAND FOR DISCOVERY |
| 8/26/2020 | DEMAND FOR DISCOVERY |
| 8/21/2020 | COURT RESULT: PRETRIAL CONFERENCE SET FOR 08/26/2020 AT 9:00 AM - RESCHEDULED |
| 8/19/2020 | NOTICE CREATED AND E-SERVED TO ATTY: CASSIE REED, ATTY: JASON MCKINNEY |
| 8/19/2020 | RETURNED MAIL |
| 8/17/2020 | PRETRIAL CONFERENCE SET FOR 08/27/2020 AT 4:30 PM IN 3A/ , JDG: STONE, WILLIAM F |
| 8/13/2020 | AMENDED DISCOVERY EXHIBIT FILED |

| DATE | ENTRY |
|------|-------|
| 8/5/2020 | DISCOVERY EXHIBIT FILED |
| 8/3/2020 | EMAIL SENT- RECIPIENTS: MCKINNEY, JASON SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: NCI-8/3/2020 |
| 8/3/2020 | NOTICE/FORM CREATED ISSUED |
| 8/3/2020 | COURT RESULT: FELONY PLEA SET FOR 08/04/2020 AT 3:45 PM - NOT GUILTY PLEA |
| 8/3/2020 | WRITTEN PLEA OF NOT GUILTY |
| 7/28/2020 | PROSECUTOR: REED, CASSIE ASSIGNED |
| 7/28/2020 | NOTICE OF APPEARANCE |
| 7/24/2020 | FILED SEQ: 1 - (AMENDED) - (782.04(2)) HOMICIDE WILFUL KILL-MURDER NOT PREMEDITATED NO FELONY OFFENSE |
| 7/24/2020 | EMAIL SENT- APPROVED INDIGENT APPLICATION RECIPIENTS: PD SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: DFI-7/23/2020 |
| 7/24/2020 | INFORMATION FILED |
| 7/23/2020 | DEFENDENT DETERMINED TO BE INDIGENT BY EXAMINER |
| 7/17/2020 | INDIGENCY APPLICATION INCOMPLETE - DETERMINATION COULD NOT BE MADE |
| 7/14/2020 | NOTICE OF DISCOVERY |
| 7/9/2020 | EMAIL SENT- APPROVED INDIGENT APPLICATION RECIPIENTS: PD SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: DFI-7/8/2020 |
| 7/8/2020 | DEFENDENT DETERMINED TO BE INDIGENT BY EXAMINER |
| 7/8/2020 | EMAIL SENT- RECIPIENTS: MCKINNEY, JASON SUBJECT: SERVICE OF COURT DOCUMENT – 2020 CF 001515 F, STATE OF FLORIDA VS. GODWIN, DANIEL RAY ATTACHMENT COUNT: 1 EMAILDOCKETDESCRIPTIONS: JRFAPD-7/8/2020 |
| 7/8/2020 | JUDGE'S RECORD OF 1ST APPEARANCE FILED AND PUBLIC DEFENDER APPTD / ARREST REPORT |
| 7/8/2020 | DEFENSE ATTORNEY: MCKINNEY, JASON ASSIGNED |
| 7/8/2020 | AFFIDAVIT FOR INDIGENT STATUS (OBTS) ASSESSED $50.00 |
| 7/7/2020 | NOTICE/FORM CREATED ISSUED |
| 7/6/2020 | FELONY PLEA SET FOR 08/04/2020 AT 3:45 PM IN FWB/ , JDG: WARD, JIM |
| 7/6/2020 | CRIMINAL JURY TRIAL FELONY SET FOR 09/21/2020 AT 9:00 AM IN FWB/ , JDG: STONE, WILLIAM F |
| 7/6/2020 | DOCKET DAY FELONY SET FOR 09/10/2020 AT 9:00 AM IN FWB/ , JDG: STONE, WILLIAM F |
| 7/6/2020 | PRETRIAL CONFERENCE SET FOR 08/26/2020 AT 9:00 AM IN FWB/ , JDG: STONE, WILLIAM F |
| 7/6/2020 | PROSECUTOR: ROBOCKER, AMANDA M ASSIGNED |
| 7/6/2020 | ARREST CHRG: 1 - (782.04(2)) HOMICIDE WILFUL KILL-MURDER NOT PREMEDITATED NO FELONY OFFENSE |
| 7/6/2020 | JUDGE STONE, WILLIAM F: ASSIGNED |
| 7/6/2020 | DEFENSE ATTORNEY: NO ATTORNEY ASSIGNED |
| 7/6/2020 | ARREST REPORT/NOTICE TO APPEAR FILED |
| 7/6/2020 | CASE FILED 07/06/2020 CASE NUMBER 2020 CF 001515 F |